## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

WILLIAM GARDNER,

       Plaintiff,

v.                                No. 1:25-cv-00198-KWR-JFR

UNITED STATES OF AMERICA,
FEDERAL DRUG ENFORCEMENT AGENCY,
KRISTIN TAMAYO,
NICOLAS ROMERO,
JOHN DOES,
UNITED STATES DEPARTMENT OF JUSTICE,
BEN MINEGAR,
NEW MEXICO OFFICE OF THE SUPERINTENDENT OF INSURANCE,
ALICE KANE and
MICHAEL FRICKE,

       Defendants.

### <u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

*Pro se* Plaintiff asserted claims for violations of his Constitutional rights, tort claims, claims of false statements pursuant to 18 U.S.C. § 1001, and claims for violations of the Privacy Act, 5 U.S.C. § 552a. *See* Verified Tort Complaint Against DEA and DOJ in Violation of US Constitutions' [sic] Fourth, Eighth, and Fourteenth Amendments, False Statements, Malcious [sic] Prosecution, Privacy Act and Equitable Relief, Doc. 1, filed February 25, 2025 ("Complaint"). Many of the events giving rise to this action gave rise to or occurred during the proceedings in *United States v. Gardner*, No. 1:22-cv-00830-JB-JFR ("*Gardner I*"), which is currently pending in this Court.

United States Magistrate Judge John F. Robbenhaar identified some deficiencies in the Complaint and ordered Plaintiff to show cause why the Court should not dismiss claims based on those deficiencies and to file an amended complaint. *See* Order to Show Cause, Doc. 6, filed

February 28, 2024; *Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).  Plaintiff did not show cause or file an amended complaint by the March 21, 2025, deadline.

**Federal Tort Claims Act**

The Court dismisses Plaintiff's claims pursuant to the Federal Tort Claims Act ("FTCA") against DEA, DOJ and the individual Federal Defendants.  Judge Robbenhaar notified Plaintiff that "[t]he United States is the only proper defendant in a federal tort claims action." Order to Show Cause at 2-3 (quoting *Gaines v. Pearson*, 516 Fed.Appx. 724, 726 (10th Cir. 2013) (concluding that the district court lacked subject matter jurisdiction of plaintiff's [Federal Tort Claims Act] claim against the federal defendants; the United states is the only proper defendant and plaintiff had not named the United States) (citing *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001))).  Plaintiff has not shown that the Court should not dismiss his FTCA claims against DEA, DOJ and the individual Federal Defendants.

The Court dismisses Plaintiff's FTCA claims against the United States.  Judge Robbenhaar notified Plaintiff the FTCA "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies" and the exhaustion requirement is "jurisdictional and cannot be waived."  Order to Show Cause at 3 (quoting *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016) (quoting *McNeil v. United States,* 508 U.S. 106, 113 (1993))).  Judge Robbenhaar notified Plaintiff the Complaint does not contain any allegations showing that Plaintiff has exhausted administrative remedies pursuant to the FTCA and ordered:

> The amended complaint must contain factual allegations describing how and when Plaintiff exhausted administrative remedies.  Plaintiff must also file copies

2

of any notices of tort claims and indicate where and when he filed the notices of
tort claims.

Order to Show Cause at 4.  Plaintiff did not file an amended complaint showing that Plaintiff has

exhausted administrative remedies pursuant to the FTCA; nor did Plaintiff file copies of any

notices of tort claims or indicate where and when he filed the notices of tort claims.

***Bivens***

The Court dismisses Plaintiff's claims pursuant to 42 U.S.C. § 1983 against the United

States, the DEA, the DOJ, and federal individual Defendants Tamayo, Romero, John Does, and

Minegar because they are not state actors.  *See Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151,

1155 (10th Cir. 2016) ("The two elements of a Section 1983 claim are (1) deprivation of a

federally protected right by (2) an actor acting under color of state law").

Judge Robbenhaar notified Plaintiff:

Because Plaintiff is proceeding *pro se*, the Court construes the Complaint as
asserting claims against the Federal Defendant pursuant to *Bivens*.  *See Ashcroft v.
Iqbal*, 556 U.S. 662, 675-76 (stating that *Bivens* actions are the "federal analog" to §
1983 actions).  "In *Bivens v. Six Unknown Named Agents of Federal Bureau of
Narcotics,* 403 U.S. 388 (1971), the U.S. Supreme "Court recognized for the first
time an implied private action for damages against federal officers alleged to have
violated a citizen's constitutional rights."  *Ingram v. Faruque*, 728 F.3d 1239,
1243 (10th Cir. 2013) (*quoting Ashcroft v. Iqbal,* 556 U.S. 662, 675 (2009)).  A
"*Bivens* claim can be brought only against federal officials in their individual
capacities.  *Bivens* claims cannot be asserted directly against the United States,
federal officials in their official capacities, or federal agencies."  *Smith v. United
States*, 561 F.3d 1090, 1099 (10th Cir. 2009).

It appears the *Bivens* claims against the United States, DEA, DOJ and the
individual federal Defendants should be dismissed.  *See High Lonesome Ranch,
LLC v. Bd. Of County Comm'rs for the County of Garfield*, 61 F.4th 1225, 1237
(10th Cir. 2023) ("The United States is immune from suit unless Congress has
expressly waived its sovereign immunity") (citing *Block v. North Dakota ex rel.
Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 280 (1983)); *Egbert v. Boule,* 596 U.S.
482, 491-93 (2022) *Egbert v. Boule,* 596 U.S. 482, 491-93 (2022) (stating that
*Bivens* applies in only in limited cases and "recognizing a cause of action under
*Bivens* is a disfavored judicial activity," setting forth a two-step analysis to determine
whether courts should provide a damages remedy pursuant to *Bivens* and stating "our
cases hold that a court may not fashion a *Bivens* remedy if Congress already has

provided, or has authorized the Executive to provide, an alternative remedial structure"); *Lewis v. Westfield*, 2022 WL 16924177 (E.D.N.Y) (applying the *Egbert* analysis and concluding that the remedial schemes applicable to misconduct by U.S. Marshals Service personnel foreclosed *Bivens* actions against United States Deputy Marshals for alleged constitutional violations); *Silva v. United States*, 45 F.4th 1134, 1140 (10th Cir. 2022) ("expanding *Bivens* is not just 'a disfavored judicial activity,' it is an action that is impermissible in virtually all circumstances") (quoting *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017).

Order to Show Cause at 4-5. Judge Robbenhaar notified Plaintiff that his response to the Order to Show Cause and the amended complaint must show that *Bivens* applies to federal individual Defendants Tamayo, Romero, John Does, and Minegar by addressing the two-step analysis in *Egbert v. Boule*. *See* Order to Show Cause at 5.

The Court dismisses Plaintiff's claims pursuant to *Bivens* because Plaintiff did not file a response or an amended complaint.

**Failure to State a Claim**

Judge Robbenhaar notified Plaintiff:

The Complaint fails to state claims against many of the Defendants because it does not clearly explain what each Defendant did to Plaintiff and what specific legal right Plaintiff believes each Defendant violated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). Plaintiff must give each "defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

The Complaint does not clearly explain which Defendants each of Plaintiff's claims are asserted against. Plaintiff seeks damages "from a state agency and individually of the employees Michael Fricke and Current Superintendent of Insurance Alice Kane, acting under the color of federal law had wrongful deprivation of Plaintiff US constitutional rights and making false statements and colluding with Defendants" and alleges that "all of Defendants Minegar and Tamayo had direct communications with OSI [New Mexico Office of the Superintendent of Insurance] and Michael Fricke." Complaint at 2, ¶ 9; at 19,

4

¶ 120. There are no factual allegations explaining what Defendants OSI, Kane and Fricke did to Plaintiff and what specific legal right Plaintiff believes Defendants OSI, Kane and Fricke violated. The only allegations specifically mentioning Defendant Romero state the DEA "is the Federal Government for which the Defendant DEA agents . . . Romero . . . at all times relevant hereto" [sic], Defendant "DEA Agent Nicolas Romero was under the color of Federal law as a DEA agent and relevant hereto," [sic], and Plaintiff "was named as the primary target by Romero," Complaint at 3, ¶ 17; at 4, ¶¶ 19, 23.

Order to Show Cause at 5-6. Judge Robbenhaar ordered that:

The amended complaint must clearly explain what each Defendant did to Plaintiff, when they did it, and what specific legal right Plaintiff believes each Defendant violated. The amended complaint must also clearly indicate for each claim which Defendants Plaintiff is asserting that claim against.

Order to Show Cause at 7. Plaintiff did not file an amended complaint clearly explaining what each Defendant did to Plaintiff and clearly indicating which claims Plaintiff is asserting against each Defendant.

**False Statements, 18 U.S.C. § 1001**

Judge Robbenhaar noted that it appears Plaintiff is a asserting a claim pursuant to 18 U.S.C. § 1001. See Order to Show Cause at 7 (quoting Complaint at 2, ¶ 3 ("Plaintiff alleges also claims violations of malicious abuse of power, false statements made by a Federal employee of the DEA in accordance with 18 U.S.C. § 1001")). Section 1001 provides, among other things, that "whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully . . . makes any materially false . . . statement . . . shall be fined under this title, imprisoned not more than 5 years." 18 U.S.C. § 1001(a).

The Court dismisses Plaintiff's claims pursuant to 18 U.S.C. § 1001(a). Section 1001 is a criminal statute. "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx.414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54,

64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

**Duplicative Issues and Common Issues of Law and Fact**

Plaintiff alleges constitutional violations based on Defendants' unreasonable search and seizure of the records and other actions that form the basis of the claims against Plaintiff in *Gardner I*. *See* Complaint at 9-15. Plaintiff also asserts a claim for violations of his rights under the Eighth Amendment which prohibits excessive fines. *See* Complaint at 15, ¶¶ 95-96 (stating the "Government is seeking over 6.4 million dollars in damages against the Plaintiff"). Plaintiff seeks an order that "all the information obtained illegally in the search and seizure to be inadmissible in court therefore the entire case 1:22-cv-00830-JB-JFR is to be dismissed with prejudice" and "prohibiting All of the Defendants from undertaking any future or ongoing, unlawful civil prosecution against Plaintiff for any further allegations." Complaint at 20.

Judge Robbenhaar notified Plaintiff:

It appears the issues in this case are duplicative of, and involve common questions of law and fact as, the issues in *United States v. Gardner*, No. 1:22-cv-00830-JB-JFR.

"District courts are accorded a great deal of latitude and discretion in determining whether one action is duplicative of another, but generally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Serlin v. Arthur Andersen & Co.,* 3 F.3d 221, 223 (7th Cir.1993) (internal quotation marks omitted). A district court, as part of its general power to administer its docket, "may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.,* 226 F.3d 133, 138 (2d Cir.2000).

*Park v. TD Ameritrade Trust Co., Inc*., 461 Fed.Appx. 753, 755 (10th Cir. 2012); Fed. R. Civ. P. 42(a) ("If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay"). Furthermore, Plaintiff has not cited any legal basis showing that a Judge presiding over this case would have authority to dismiss

6

*United States v. Gardner*, No. 1:22-cv-00830-JB-JFR or overrule any Court decisions in that case.

Order to Show Cause at 7-8.  Judge Robbenhaar ordered that:

> Plaintiff's response to this Order must show why the Court should not: (i) dismiss this case as duplicative of *United States v. Gardner*, No. 1:22-cv-00830-JB-JFR; and (ii) consolidate this case with *United States v. Gardner*, No. 1:22-cv-00830-JB-JFR.

Order to Show Cause at 8.  Plaintiff did not file a response addressing whether the Court should dismiss this case as duplicative *Gardner I* or consolidate this case with *Gardner I*.

**Conclusion**

Judge Robbenhaar notified Plaintiff of several deficiencies in his Complaint, ordered Plaintiff to show cause why the Court should not dismiss Plaintiff's claims, and ordered Plaintiff to file an amended complaint.  *See* Order to Show Cause at 10.  Judge Robbenhaar also notified Plaintiff that: "Failure to timely show cause and file an amended complaint may result in dismissal of this case."  Order to Show Cause at 10.  The Court dismisses this case because Plaintiff did not show cause, file an amended complaint or otherwise respond to Judge Robbenhaar's Order to Show Cause by the March 21, 2025, deadline.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**


_____/S/ KEA W. RIGGS_____
**UNITED STATES DISTRICT JUDGE**