IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM GARDNER,

        Plaintiff,

v.                                                                  No. 1:25-cv-00198-KWR-JFR

UNITED STATES OF AMERICA,
FEDERAL DRUG ENFORCEMENT AGENCY,
KRISTIN TAMAYO,
NICOLAS ROMERO,
JOHN DOES,
UNITED STATES DEPARTMENT OF JUSTICE,
BEN MINEGAR,
NEW MEXICO OFFICE OF THE SUPERINTENDENT OF INSURANCE,
ALICE KANE and
MICHAEL FRICKE,

        Defendants.

**ORDER DENYING MOTION TO REINSTATE CASE
AND ORDER DENYING MOTION TO DISQUALIFY**

*Pro se* Plaintiff asserted claims for violations of his Constitutional rights, tort claims, claims of false statements pursuant to 18 U.S.C. § 1001, and claims for violations of the Privacy Act, 5 U.S.C. § 552a. *See* Verified Tort Complaint Against DEA and DOJ in Violation of US Constitutions' [sic] Fourth, Eighth, and Fourteenth Amendments, False Statements, Malcious [sic] Prosecution, Privacy Act and Equitable Relief, Doc. 1, filed February 25, 2025 ("Complaint").

United States Magistrate Judge John F. Robbenhaar identified some deficiencies in the Complaint and ordered Plaintiff to show cause why the Court should not dismiss claims based on those deficiencies and to file an amended complaint. *See* Order to Show Cause, Doc. 6, filed

February 28, 2024 (notifying Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case).

The Court dismissed this case because Plaintiff did not show cause, file an amended complaint or otherwise respond to Judge Robbenhaar's Order to Show Cause by the March 21, 2025, deadline.  *See* Order of Dismissal, Doc. 7, filed March 26, 2025.

Plaintiff now seeks reinstatement of this case and the disqualification of the undersigned. *See* Motion to Reinstate, Disqualify Judge for Cause, Doc. 9, filed April 1, 2025 ("Motion").

**Order Denying Motion to Reinstate this Case**

Plaintiff has another case currently pending in the District of New Mexico. *See Gardner v. New Mexico*, No. 1:24-cv-01305-WJ-JFR ("*Gardner I*").  United States Magistrate Judge John F. Robbenhaar granted Plaintiff permission to file electronically in *Gardner I*.  *See* Doc. 16, filed February 28, 2025, in *Gardner I* (notifying Plaintiff that the Court only granted Plaintiff permission to participate in CM/ECF and that Plaintiff is responsible for registering to become a participant).  Judge Robbenhaar later granted Plaintiff an extension of time in *Gardner I* to respond to a motion because Plaintiff was experiencing problems accessing the PACER system. *See* Doc. 22, filed March 20, 2025, in *Gardner I*.

Plaintiff seeks to reinstate this case on the grounds that "he has been removed from PACER."  Motion at 1.  Plaintiff asks the Court to "reinstate PACER access on this case to respond" and "Judge Riddenhaar [sic] allowed leave and extension of time in" *Gardner I*. Motion at 2.

The Court construes Plaintiff's Motion as a Rule 59(e) motion because Plaintiff sought reinstatement six days after the Court entered its Rule 58 Judgment:

> No matter how styled, a motion will be deemed a Rule 59(e) motion if it is served within the specified time period [28 days of entry of the judgment] and seeks

2

  relief appropriate to Rule 59(e) by questioning the correctness of the underlying judgment. *Hannon v. Maschner*, 981 F.2d 1142, 1144 n.2 (10th Cir. 1992). Rule 59(e) relief is available in limited circumstances, including "(1) an intervening change in the controlling law, (2) [when] new evidence previously [was] unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

*Hayes Family Trust v. State Farm Fire & Casualty Co.*, 845 F.3d 997, 1004 (10th Cir. 2017).

  The Court denies Plaintiff's Motion to reinstate this case. It appears Plaintiff is contending that he did not respond to Judge Robbenhaar's Order to Show Cause in this case because Plaintiff had problems accessing PACER. The Court has not revoked Plaintiff's permission to file electronically and does not have any control over Plaintiff's access to PACER. Plaintiff did not move for an extension of time to respond to Judge Robbenhaar's Order to Show Cause in this case. Judge Robbenhaar's order granting Plaintiff an extension of time in *Gardner I* is not applicable to this case. Plaintiff has not shown that his lack of access to PACER prevented him from filing a response or a motion for an extension of time by mailing or delivering documents to the Clerk's Office. Consequently, Plaintiff has not shown that the dismissal of this case without prejudice was clearly erroneous.

**Order Denying Motion for Disqualification of the Undersigned**

  Plaintiff seeks the disqualification of the undersigned stating:

  7. The Plaintiff asserts the Assignment of the new judge Honorable Riggs is not on the record anywhere.

  8. The Plaintiff has filed a timely motion to disqualify her from the case.

  9. The Plaintiff is petitioning the court for disqualification of Judge Riggs for cause. (See Motion filed).

Motion at 2. Plaintiff's reference to a timely filed motion appears to reference the Motion now before the Court; there are no other motions to disqualify on the docket. Plaintiff's statement

3

that the assignment of the undersigned is not on the record anywhere is incorrect; the docket and case caption clearly indicate the undersigned has been assigned to this case.

The Court denies Plaintiff's request for disqualification of the undersigned. "Judges not only have a strong duty to recuse when appropriate, but also a strong duty to sit, and the statute "must *not* be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017).

> federal law instructs that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "This [recusal] requirement is intended 'to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible.'" *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017) (quoting *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1310 (10th Cir. 2015)). "The standard is purely objective. The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993); *see* id. ("In applying § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue."); *see also* Charles Gardner Geyh & Kris Markarian, Judicial Disqualification: An Analysis of Federal Law, § II.B.1.A, at 20 (3d ed. 2020) ("Section 455(a) makes clear that judges should apply an objective standard in determining whether to disqualify."). "In other words, a judge's subjective state of mind is irrelevant; what matters is whether 'the public might reasonably believe that [the judge] *knew*' of 'facts creating an appearance of impropriety.'" *Wells*, 873 F.3d at 1251 (alteration in original) (emphasis added) (quoting *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988)).
>
> "In applying the [objective] test, the initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question."
> . . . .
>
> "In conducting this review, we must ask how these facts would appear to a *well-informed*, thoughtful and objective observer," who is "an average member of the public," not a "hypersensitive, cynical, and suspicious person." *Mathis*, 787 F.3d at 1310 (emphasis added) (quoting *Sensley v. Albritton*, 385 F.3d 591, 599 (5th Cir. 2004)). And courts must take into account that "cases within § 455(a) are extremely fact driven 'and must be judged on [their] unique facts and circumstances more than by comparison to situations considered in prior jurisprudence.'" *Nichols*, 71 F.3d at 351 (alteration in original) (quoting *United*

*States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995)); *accord Wells*, 873 F.3d at 1251.

*United States v. Martinez*, 92 F.4th 1213, 1255-56 (10th Cir. 2024) (emphasis in original). Plaintiff has not set forth any factual grounds that would cause a reasonable, objective person, knowing all the relevant facts, to question the undersigned's impartiality.

**IT IS ORDERED** that Plaintiff's Motion to Reinstate, Disqualify Judge for Cause, Doc. 9, filed April 1, 2025, is **DENIED.**

      **/S/ KEA W. RIGGS**
      **UNITED STATES DISTRICT JUDGE**